The judgment of the court was pronounced by
Slidell, J.
This suit commenced by attachment. A rule was taken by the defendant to show cause why the attachment should not be set aside, on the ground that Hugh A. Corley had no authority to make the affidavit upon which the writ was issued, and that the attorney had no power to sign the bond. No further evidence having been offered at the trial, the case rests solely upon the affidavit which is in these Words. “ Hugh A. Corley, being duly sworn, deposes and says, that he is a duly licensed attorney at law in the State of Florida, and as such duly employed with his partner, Mr. James T. Archer, to collect a debt due by John Daffin and James T. Daffin, who did reside in Florida, to the commercial firm of O. S¡- A. Wetmore, domiciled in the city of New York, *497 amounting to the sum of twelve hundred and ninety-one dollai’s and fifty cents, and for which sum O. SfA. Wetmore have duly obtained judgment in the District Court of the United States for the Northern District of Florida. Affiant swears that in the aforesaid sum the said John Baffin and James T. Baffin are jointly and severally to O. 8f A. Wetmore indebted, and that the said James T. Baffin has left the State of Florida, where he had his domicil, and is now temporarily within the jurisdiction of this honorable court, but he has no domicil in this State.” The bond is signed “ O. A. Wetmore, by their attorney at law Hugh A. Corley.”
It is said in argument, that an attorney at law has, by virtue of the mere employment to collect a debt, power to take out an attachment for his client, and to that end, to make the affidavit and execute for his client the bonds required by law, to wit, a bond to pay the defendant all such damages as he may recover in case it should be decided that the attachment was wrongfully obtained. It is unnecessary to say whether we would consider an attorney at law authorized to practice in our courts, as clothed by mere virtue of his employment to collect a debt, with authority to bind his client to that extent. For, in the present case, Corley was not licenced to practice in our courts, and upon the face of the affidavit it does not appear that the client engaged or contemplated his services out of Florida where he was a lisenced practitioner. A party might well employ an attorney at law to act for him in the courts of a State where he was a licensed practitioner without expecting or desiring that he should represent or bind him in another State, with whose laws or jurisprudence he could not be presumed to be familiar.
The judgment of the district court, which dissolved the attachment, is therefore affirmed, with costs.